FILED

1  RONALD HASSON
2  16055 Ventura Bl., #1120
   Encino, CA 91436
3  (818) 981-7777

   Plaintiff, Pro Se

2012 MAR 26  AM 2: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

*Fee Paid*

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10          **CV12-02584-RSWL (PLAx)**

11  Ronald Hasson,                    Case No.:

12          Plaintiff,                **COMPLAINT FOR DAMAGES AND
13                                     RESTITUTION**

14  vs.                               **DEMAND FOR JURY TRIAL**

15  Carolyn Koenig; Terence Geoghegan; Steve
16  Koenig, Marcia Schottel; Sean Schottel;
    KCAL 9; Stacey Butler; and Does 1 through
17  10,

18          Defendants.

19

20

21

22  COMES NOW PLAINTIFF RONALD HASSON (hereafter referred to as "Plaintiff") for

23  his Complaint for Damages against Defendants Carolyn Koenig, (hereafter referred to as

24  "Koenig"), Terence Geoghegan (hereafter referred to as "Geoghegan"), Steve Koenig

25  (hereafter referred to as "SKoenig"), Marcia Schottel (hereafter referred to as

26  "MSchottel") Sean Schottel (hereafter referred to as "SSchottel"),  KCAL 9 and Stacey

27

28                                     1



1  Butler (hereafter referred to as "Butler") alleges as follows:

2  **Jurisdiction and Venue**

3  1.    This court has jurisdiction pursuant to 28 U.S.C. § 1332.

4  2.    Venue is proper pursuant to 28 U.S.C. § 1391.

5  **Parties**

6  3.    Plaintiff is a resident of the County of Los Angeles, State of California.

7  4.    Koenig is a resident of the State of Nevada.

8  5.    Geoghegan is allegedly a licensed attorney in California and is currently Koenig's

9  attorney in matter of Carolyn Koenig vs. Ronald Hasson, Ventura County Superior Court

10  Case No. 56-2008-00332243-CU-NP-SIM. This action and was Castro's counsel for his

11  Chapter 13 and Chapter 7 bankruptcy.

12  6.    Steve Koenig is a resident of the County of Ventura, State of California.

13  7.    Marsha Schottel is a resident of the County of Ventura, State of California.

14  8.    Shawn Schottel is a resident of the County of Ventura, State of California.

15  9.    KCAL 9 does business in the County of Los Angeles, State of California.

16  10.   Stacey Butler is employed by KCAL 9 in the County of Los Angeles, State of

17  California.

18  **Facts**

19  11.   Plaintiff was licensed real estate broker and was in the business of making loans.

20  12.   In 2005, Plaintiff loaned Schottel $80,000 under the terms and conditions of a note

21  and deed of trust. The interest rate was 10%. The due date for the principal amount was

22  July 8, 2010.

23  13.   Around November 2006, Koenig approached Plaintiff telling him she wanted to

24  invest in 2nd trust deeds and get the highest possible interest.

25  14.   In December 2006, Plaintiff brokered 3 loans on behalf of Koenig. 2 loans were

26  made to third parties (the Mares Loan and the Badalyn Loan) and one was made through

27  Plaintiff.

28  <u>                                            2                                            </u>

15.     Koenig was extremely experienced in risky investments regarding property. Koenig had a history of using her property to operate Elderly Care Facilities in California until her license was revoked due to illegal administration of medications causing deaths in her facilities. Koenig was so sophisticated that for over two years after losing her license to operate such facilities, she continued to operate such facilities using straw licensees, but continuing to run daily operations and continuing to use her properties for such operations. Koenig continued such operations knowing it was illegal and a fraud against the State of California. Koenig also attempted to develop an Elderly Care Facility in North Carolina with a relative. Koenig invested about $200,000 of her money in the speculation. At the last moment the relative backed out because of the criminal risk due to Koenig's penchant for illegal and fraudulent operations in this field.

16.     Koenig was also experienced in litigation. She brought suit against the State of California in federal court for civil rights violations after the State of California revoked Koenig's license to run Elderly Care Facilities. The federal action was dismissed for failure to prosecute.

17.     Koenig was familiar with Plaintiff's business since earlier in 2006; Koenig took a series of loans from Plaintiff because she was selling one of her properties and wanted a means of getting cash before the property sold. Plaintiff's loans to Koenig were codified in a deed of trust as is the usual practice in the mortgage brokerage business. Around November 2006, when Koenig's property sold, Plaintiff was disbursed monies based upon a beneficiary's demand in escrow that was signed and approved by Koenig.

18.     Koenig needed cash constantly. Apparently Koenig could not control her spending habits and spend inordinately large amounts of money for someone who publicly opined that she had limited funds, was on a tight budget and was worried about her financial situation. In 2007, in one month, Koenig spent over $50,000 or 71% of her existing cash on hand.

19.     Koenig badgered Plaintiff to invest her money in 2nd trust deed situations at the

1  highest possible interest rate.

2  20.    Plaintiff not only brokered the loans, but, Plaintiff did not take any broker
3  commissions on the loans.

4  21.    Koenig would demand greater amounts of cash from Plaintiff than the monthly
5  payment stream from the 2nd trust deeds. For example, the 3 loans total provided Koenig
6  with approximately $1,800 per month in interest income. Plaintiff had to advance Koenig
7  up to $10,000 in one month due to Koenig's insatiable spending habits.

8  22.    Plaintiff realized the Koenig was out of control. When Plaintiff tried to put Koenig
9  into a different investment situation so that Plaintiff did not have to deal with her and
10  when Plaintiff wouldn't continue to pay additional cash amounts above the contractual
11  monthly payments, Koenig started a fraudulent campaign to destroy Plaintiff.

12  23.    Koenig's campaign was intended to not only get as much money as possible from
13  Plaintiff, but took on a viciously immoral vengence by pursuing criminal charges against
14  Plaintiff through the Ventura District Attorney's office.

15  24.    Due to the politically correct and corrupt nature of the Ventura District Attorney's
16  office, implausible charges were filed against Plaintiff, his assets were frozen so he did
17  not have any resources to defend himself and he was coerced, pressured and browbeaten
18  into a plea of guilty on trumped up charges. After Plaintiff's plea, Koenig received
19  $260,000 as restitution from Plaintiff and then went on television to further defraud,
20  defame and contort reality to crush, destroy and grind her vengence, poison and
21  vindictive mean-spirited hate against Plaintiff, all to ruin Plaintiff all because Plaintiff
22  wanted to disassociate from Koenig and not feed her insatiable spending habit.

23  25.    Plaintiff is informed and believe and thereon alleges that at all times herein
24  mentioned, each of defendants Does 1-10, were the agents and employees of each other
25  and defendants and in doing the things hereinafter alleged, was acting within the course
26  and scope of such agency and employment.

27  26.    The true names and capacities, whether individual, corporate, associate, or

28  _____4_____

1  otherwise, of defendants Does 1-10, are unknown to Plaintiff, who therefore sues said
2  defendants by such fictitious names. Plaintiff will amend this complaint to show the true
3  names and capacities when the same have been ascertained.
4  27.   Plaintiff is informed and believe and thereon allege that at all times herein
5  mentioned, defendants and Does 1-10 and each of them, participated with each of the
6  other defendants in the things complained of in this Complaint, or intentionally or
7  knowingly agreed or conspired with each of such other defendants in doing said things, or
8  aided and abetted each of such other defendants in doing said things, or acted with the
9  permission, acquiescence, and ratification of each of such other defendants in doing said
10  things.
11
12  **First Count For Inducing Breach of Contract**
13  **Against Koenig**
14  28.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 26 as though
15  fully set forth herein.
16  29.   There was a contractual relationship between Plaintiff and MSchottel and SSchottel
17  due to the various Notes and Deeds of Trust for loans made by Plaintiff to MSchottel and
18  SSchottel;
19  30.   Koenig knew of the contractual relationship;
20  31.   Koenig intended to cause MSchottel and SSchottel to breach the contractual
21  relationship;
22  32.   Koenig's conduct caused MSchottel and SSchottel to breach the contract by
23  specifically telling them not to pay Plaintiff on the notes and deeds of trust. Koenig knew
24  that Plaintiff was entitled to payment on the various contracts because Plaintiff had
25  loaned money and the money was used by MSchottel and SSchottel;
26  33.   Plaintiff was harmed because MSchottel and SSchottel stopped making payments
27  to Plaintiff on the notes and deeds of trust; and
28
5

34.    Koenig's conduct was a substantial factor in causing Plaintiff's harm.

35.    Plaintiff was harmed in the amount of approximately $80,000, but according to proof at the time of trial

36.    Koenig's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud or malice entitling Plaintiff to punitive damages in an amount of $320,000 which should be an amount appropriate to punish or set an example of Koenig due to the fact that Koenig's actions were done with the intent to destroy and inflict maximum poison against Plaintiff.

## Second Count For Intentional Infliction of Emotional Distress
## Against Koenig

37.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 36 as though fully set forth herein.

38.    Koenig's conduct was outrageous in that she manipulated the Ventura District Attorney's office with her fraud and embellishment of the business transactions with Plaintiff. After manipulating the district attorney's office to bring charges, Koenig couldn't stop with that, she and her attorney Defendant Geoghegan had to go on KCAL 9 television with Stacey Butler to further defraud, defame and destroy Plaintiff when at all times knowing that the story was a fraud and a politically correct manipulation of the court system, the slavish new agencies and the politically correct and corrupt district attorney's office.

39.    Koenig intended to cause Plaintiff maximum emotional distress. [

40.    Plaintiff suffered severe emotional distress by the loss of his licenses, the defamation of his reputation, the loss of his business, marriage and the complete estrangement of his adult children.

41.    Koenig's conduct was a substantial factor in causing Plaintiff's severe emotional

6

1 | distress.

2 | 42.     Plaintiff suffered past economic damages estimated to be over $20,000,000, but

3 | according to proof at the time of trial; future economic damages of over $20,000,000, but

4 | according to proof at the time of trial; past non-economic damages of mental stress,

5 | anxiety, depression, despair, pain and suffering in an amount of over $10,000,000; and

6 | future non-economic damages of mental stress, anxiety, depression, despair, pain and

7 | suffering in an amount of over $10,000,000.

8 |

9 | **Third Count For Restitution**

10 | **Against Koenig**

11 | 43.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 42 as though

12 | fully set forth herein.

13 | 44.     Koenig was not entitled to amounts of money above $205,000.

14 | 45.     Koenig's fraud and manipulation of the politically corrupt Ventura District

15 | Attorney's office was vicious, vindictive and evil.

16 | 46.     Plaintiff is entitled to return and a disgorgement of all monies received by Koenig

17 | due to her fraud and manipulation of the legal and political system.

18 | 47.     Plaintiff is entitled to $55,000 from Koenig.

19 |

20 | **Fourth Count For Inducing Breach of Contract**

21 | **Against Geoghegan**

22 | 48.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 47 as though

23 | fully set forth herein.

24 | 49.     There was a contractual relationship between Plaintiff and MSchottel and SSchottel

25 | due to the various Notes and Deeds of Trust for loans made by Plaintiff to MSchottel and

26 | SSchottel;

27 | 50.     Geoghegan knew of the contractual relationship;

28 | _____ 7 _____

51.    Geoghegan intended to cause MSchottel and SSchottel to breach the contractual relationship;

52.    Geoghegan's conduct caused MSchottel and SSchottel to breach the contract by specifically telling them not to pay Plaintiff on the notes and deeds of trust. Geoghegan knew that Plaintiff was entitled to payment on the various contracts because Plaintiff had loaned money and the money was used by MSchottel and SSchottel;

53.    Plaintiff was harmed because MSchottel and SSchottel stopped making payments to Plaintiff on the notes and deeds of trust; and

54.    Geoghegan's conduct was a substantial factor in causing Plaintiff's harm.

55.    Plaintiff was harmed in the amount of approximately $80,000, but according to proof at the time of trial

56.    Geoghegan's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff such as to constitute oppression, fraud or malice entitling Plaintiff to punitive damages in an amount of $320,000 which should be an amount appropriate to punish or set an example of Geoghegan due to the fact that Geoghegan's actions were done with the intent to destroy and inflict maximum poison against Plaintiff.

## Fifth Count For Intentional Infliction of Emotional Distress
## Against Geoghegan

57.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 56 as though fully set forth herein.

58.    Geoghegan's conduct was outrageous in that he assisted Koenig and manipulated the Ventura District Attorney's office with her fraud and embellishment of the business transactions with Plaintiff. After manipulating the district attorney's office to bring charges, Geoghegan couldn't stop with that, he and Defendant Koenig had to go on KCAL 9 television with Stacey Butler to further defraud, defame and destroy Plaintiff

1  when at all times knowing that the story was a fraud and a politically correct
2  manipulation of the court system, the slavish new agencies and the politically correct and
3  corrupt district attorney's office.

4  59.  Geoghegan intended to cause Plaintiff maximum emotional distress.

5  60.  Plaintiff suffered severe emotional distress by the loss of his licenses, the
6  defamation of his reputation, the loss of his business, marriage and the complete
7  estrangement of his adult children.

8  61.  Geoghegan's conduct was a substantial factor in causing Plaintiff's severe
9  emotional distress.

10  62.  Plaintiff suffered past economic damages estimated to be over $20,000,000, but
11  according to proof at the time of trial; future economic damages of over $20,000,000, but
12  according to proof at the time of trial; past non-economic damages of mental stress,
13  anxiety, depression, despair, pain and suffering in an amount of over $10,000,000; and
14  future non-economic damages of mental stress, anxiety, depression, despair, pain and
15  suffering in an amount of over $10,000,000.

16
17  **Sixth Count For Intentional Inducing Breach of Contract**
18  **Against SKoenig**

19  63.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 62 as though
20  fully set forth herein.

21  64.  There was a contractual relationship between Plaintiff and MSchottel and SSchottel
22  due to the various Notes and Deeds of Trust for loans made by Plaintiff to MSchottel and
23  SSchottel;

24  65.  SKoenig knew of the contractual relationship;

25  66.  SKoenig intended to cause MSchottel and SSchottel to breach the contractual
26  relationship;

27  67.  SKoenig's conduct caused MSchottel and SSchottel to breach the contract by

28
9

1  specifically telling them not to pay Plaintiff on the notes and deeds of trust. Geoghegan
2  knew that Plaintiff was entitled to payment on the various contracts because Plaintiff had
3  loaned money and the money was used by MSchottel and SSchottel;
4  68.   Plaintiff was harmed because MSchottel and SSchottel stopped making payments
5  to Plaintiff on the notes and deeds of trust; and
6  69.   SKoenig's conduct was a substantial factor in causing Plaintiff's harm.
7  70.   Plaintiff was harmed in the amount of approximately $80,000, but according to
8  proof at the time of trial
9  71.   SKoenig's conduct described herein was done with a conscious disregard of
10  Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff such as to constitute
11  oppression, fraud or malice entitling Plaintiff to punitive damages in an amount of
12  $320,000 which should be an amount appropriate to punish or set an example of SKoenig
13  due to the fact that SKoenig's actions were done with the intent to destroy and inflict
14  maximum poison against Plaintiff.

15
16                    **Seventh Count For Breach of Contract**
17                      **Against MSchottel and SSchottel**
18  72.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 71 as though
19  fully set forth herein.
20  73.   Plaintiff made loans evidenced by contract with MSchottel and SSchottel as
21  follows:
22        a.     July 8, 2005 Note for $24,000 at 10% interest signed by MSchottel and
23  SSchottel due July 8, 2008, along with Deed of Trust.
24        b.     November 10, 2005 Note for $24,000 at 10% interest signed by MSchottel
25  due December 10, 2010, along with Deed of Trust.
26        c.     March 28,2 006 Note for $10,000 at 10% interest signed by MSchottel due
27  April 1, 2008, along with Deed of Trust.
28                                    10

74.   Around April 2008, MSchottel and SSchottel breached their agreement and ceased to make any monthly payment and have failed to pay the Notes described above when due.

75.   Plaintiff has been damaged by the breach in an amount of $80,000, but according to proof at the time of trial.

## **Eighth Count For Common Counts**
## **Against MSchottel and SSchottel**

76.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 75 as though fully set forth herein.

77.   Within the past four years, Plaintiff had a book account based upon monies lent to MSchottel and SSchottel.

78.   Within the past four years, MSchottel and SSchottel failed to make payments on the account.

79.   As a result of MSchottel and SSchottel's failure to make payments on account, the account is due in the amount of $80,000, at 10% interest, but according to proof at the time of trial.

## **Ninth Count For Negligence**
## **Against KCAL 9 and Butler**

80.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 79 as though fully set forth herein.

81.   KCAL 9 and Butler had a duty to act as reasonably prudent journalists and news agencies in that they had the public and business duty to act in an unbiased and professional manner in researching the story of Koenig and at the very least making contact with Plaintiff to hear Plaintiff's side of the story.

82.   KCAL 9 and Butler breached this duty by negligently pandering to Defendants

1  Koenig and Geoghegan to slavishly publish a false light story against Plaintiff without

2  complete information and without researching Plaintiff's side of the story.

3  83.   KCAL 9 and Butler's negligence and breach of duty have caused further

4  destruction of Plaintiff's reputation and loss of business and emotional damages.

5  84.   KCAL 9 and Butler's conduct was a substantial factor in causing Plaintiff's severe

6  emotional distress.

7  85.   Plaintiff suffered past economic damages estimated to be over $20,000,000, but

8  according to proof at the time of trial; future economic damages of over $20,000,000, but

9  according to proof at the time of trial;  past non-economic damages of mental stress,

10  anxiety, depression, despair, pain and suffering in an amount of  over $10,000,000; and

11  future non-economic damages of mental stress, anxiety, depression, despair, pain and

12  suffering in an amount of  over $10,000,000.

13

14  ## PRAYER

15  Plaintiff prays as follows:

16  1.   Compensatory and economic damages in the amount of $40,000,000, but according

17  to proof at the time of trial.

18  2.   General damages in the amount of $20,000,000

19  3.   Exemplary damages in an amount of  $320,000

20  4.   Costs of suit.

21  5.   Attorneys fees, if any.

22  6.   Such further relief as provides justice.

23  Dated: March 23, 2012

24

25

26  _____

Ronald Hasson

27  Plaintiff, *pro se*

28

12

## **DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hasson hereby demands a jury trial in this action.

Dated:  March 23, 2012


_____

Ronald Hasson
Plaintiff, *pro se*

13

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV12- 2584 RSWL (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Ronald Hasson
16055 Ventura Bl., #1120
Encino, CA 91436
(818) 981-7777

# FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Hasson <br><br> PLAINTIFF(S) <br><br> v. <br><br> Carolyn Koenig; Terence Geoghegan; Steve Koenig; Marcia Schottel; Sean Schottel; KCAL 9; Stacey Butler; and Does 1 through 10 <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV12-02584** - RSWL (PLAx) <br><br><br> **SUMMONS** |

TO:      DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Ronald Hasson_____, whose address is _16055 Ventura Bl., #1120, Encino, CA 91436_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   MAR 2 6 2012

By: ____ANDRES PEDRO____
        Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# FOR OFFICE USE ONLY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Ronald Hasson

**DEFENDANTS**

Carolyn Koenig; Terence Geoghegan; Steve Koenig; Marcia Koenig; Sean Schottel; KCAL 9; Stacey Butler; and Does 1 through 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Ronald Hasson   818-981-7777
16055 Ventura Bl., #1120
Encino, CA 91436

**Attorneys** (If Known)

Terence Geoghegan
5743 Corsa Ave #208
Westlake Village, CA 91362-6465
(818) 981-3435

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** 60,320,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 220 Foreclosure | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | IMMIGRATION | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:   Case Number:**   CV12-02584-RSWL(PLAx)

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Terence Geoghegan - Ventura; Marcia Schottel - Ventura; Sean Schottel - Ventura; KCAL 9 - Los Angeles; Stacey Butler - Los Angeles | Carolyn Koenig - Nevada |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Ronald Hassan_   Date March 23, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |